UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAINTERS AND FLOORCOVERERS JOINT COMMITTEE, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) Case No. 2:13-cv-00146-APG-CWH |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| BELLO, *et al.*, | ) ) |
| Defendants. | ) ) |

This matter came before the Court on Plaintiffs' Motion to Strike Defendant Committed Companies, LLC's Answer to Complaint and for Dispositive Sanctions, made orally during the Court's Order to Show Cause Hearing held on July 24, 2013. Defendant Committed Companies, LLC failed to appear at the hearing.

**BACKGROUND**

On June 4, 2013, the Court granted Plaintiffs' Motion for an Order Requiring Defendant Committed Companies, LLC to Appear Through Counsel (#27). *See* Order #28. The Court further found that Defendant Committed Companies, LLC, as a corporate litigant, "must retain counsel if it intends to continue to litigate this matter. A corporation may appear in federal court only through licensed counsel." *Id*. Defendant Committed Companies, LLC was granted until July 5, 2013, to advise the Court if it intended to retain new counsel. Additionally, the Court noted that failure to comply with its Order would result in the issuance of an Order to Show Cause why the Court should not impose sanctions up to and including recommending that default be entered for failure to comply with a Court Order in violation of Fed. R. Civ. P. 16(f). Further, the Clerk of Court was instructed to serve Defendant Committed Companies, LLC with a copy of Order #28 at its last known address. Defendant Committed Companies, LLC did not advise the Court if it intended to retain new counsel and

no appearance has been made on its behalf.  The undersigned conducted the show cause hearing on July 24, 2013 and Defendant Committed Companies, LLC failed to appear.  *See* Minutes of Proceeding #33.  At the hearing, Plaintiffs requested that case-dispositive sanctions be entered specifically, that (1) Defendant Committed Companies, LLC's Answer be stricken and (2) default judgment be entered against Defendant Committed Companies, LLC.

## **DISCUSSION**

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding."  *See* Fed. R. Civ. P. 1.  It is with that charge as a guide that this Court construes and administers the Federal Rules.  There are several mechanisms whereby the Court can accomplish this goal, such as entering case-dispositive sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.

For example, Fed. R. Civ. P. 16 is a central pretrial rule that authorizes the court to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated."  *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order."  *Id*.  Rule 16(f) specifically provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order."  Two sanctions available to the Court under Rule 37(b)(2)(A)(iii) are striking a defendant's answer and entering default against him.

When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case.  Generally, a case-dispositive sanction should only be imposed as a last resort.  *See Henry v. Gill Industries*, 983 F.2d 943, 948 (9th Cir. 1993).  The Ninth Circuit has constructed a five-part test to determine whether a case-dispositive sanction under Rule 37 (b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

1  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
2  drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d
3  1091, 1096 (9th Cir. 2007).  The test provides the courts with a way to think about what to do
4  rather than a set of conditions precedent for imposing sanctions.
5        Moreover, the Ninth Circuit has indicated that it is not always necessary for the court to
6  impose less severe sanctions first, or to give any explicit warning that a case-dispositive sanction
7  may be imposed. *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057
8  (9th Cir.1998).  Indeed, the court may consider all of the offending party's conduct when making
9  its determination of the appropriate sanction. *Henry*, 983 F.2d at 947.  However, the disobedient
10 party's conduct must be due to willfulness, fault, or bad faith for a case-dispositive sanction to be
11 appropriate. *Henry*, 983 F.2d at 947-48 (*citing Fjelstad v. American Honda Motor Co.*, 762 F.2d
12 1334, 1337 (9th Cir. 1990)).
13       The Court will now address the relevant factors in deciding whether the severe sanctions
14 of striking Defendant Committed Companies, LLC's Answer and entering default against it are
15 warranted in this case.

16     **1.**    **Expeditious Resolution of Litigation**

17       "Orderly and expeditious resolution of disputes is of great importance to the rule of law.
18 By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is
19 costly in money, memory, manageability, and confidence in the process." *In re*
20 *Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1227.  Here, Defendant
21 Committed Companies, LLC failed to comply with several court orders by not submitting notice
22 of counsel in accordance with Order #28 by July 5, 2013 and failing to appear at the order to
23 show cause hearing.  This behavior is inconsistent with Rule 1's directive to "secure a just,
24 speedy, and inexpensive" determination of this action.  Accordingly, this factor weighs in favor
25 of entering a case-dispositive sanction against Defendant Committed Companies, LLC.

26     **2.**    **Court's Need to Manage Its Docket**

27       It has long been recognized that the court's inherent power to control its docket includes
28 the ability to issue severe sanctions, such as striking an answer or entering a default judgment,

1    where appropriate. *See Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th
2    Cir 1986) (citation omitted).  Indeed, the Supreme Court has noted that case-dispositive
3    sanctions, "must be available to the district court in appropriate cases, not merely to penalize
4    those whose conduct may be deemed to warrant such a sanction, but to deter those who might be
5    tempted to such conduct in the absence of such a deterrent." *National Hockey League v.*
6    *Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

7        Here, Defendant Committed Companies, LLC repeatedly disregarded the Court's orders
8    as outlined above.  As a result, it appears as though Defendant Committed Companies, LLC
9    willingly ignored, avoided, and otherwise refused to comply with the Court's orders.
10   Additionally, Defendant Committed Companies, LLC has not provided a valid justification for
11   its failure to comply with the Court's orders.  These failures have thwarted the advancement of
12   this case making it difficult for the Court to effectively manage its docket.  As a result, this factor
13   weighs in favor of recommending case-dispositive sanctions be entered.

14       **3.**     **Risk of Prejudice**

15       The actions of an opposing party that impair the ability to go to trial or interfere with the
16   rightful decision of the case are prejudicial.  Defendant Committed Companies, LLC has refused
17   to participate in this case through the willful violation of the Court's orders.  These actions are
18   highly prejudicial and impair the ability of Plaintiffs to go to trial.  Accordingly, this factor
19   weighs in favor of imposing case-dispositive sanctions.

20       **4.**     **Public Policy**

21       "[T]he public policy favoring disposition of cases on their merits strongly counsels
22   against" case-dispositive sanctions. *In re Phynylpropanolamine Products Liability Litigation*,
23   460 F.3d at 1228 (citation omitted).  Although this factor may cut against recommending that
24   Defendant Committed Companies, LLC's answer be struck or default be entered against it, it is
25   not enough to prevent such a recommendation.

26       **5.**     **Less Drastic Sanctions**

27       The Court must consider the adequacy of less drastic sanctions before imposing
28   dismissal.  Two questions facilitate this analysis: (1) whether the court considered lesser

sanctions and their adequacy and (2) whether the court warned the recalcitrant party about the possibility of case-dispositive sanctions. *Connecticut General Life Ins. Co.*, 482 F.3d at 1096.

It is apparent that Defendant Committed Companies, LLC has not participated in good faith and has no intention of attempting to comply with pre-trial obligations. As a result, less drastic sanctions would not be effective in this case. Indeed, the Court finds that Defendant Committed Companies, LLC has demonstrated bad faith in willfully ignoring the Court's prior orders to notify it of retained counsel and appear at an order to show cause hearing. The Court can only conclude that Defendant Committed Companies, LLC has abandoned its defense of this case and, therefore, this factor weighs in favor of recommending case-dispositive sanctions be entered.

In conclusion, case-dispositive sanctions are appropriate where four factors support them, or where at least three factors "strongly support" them. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). As four factors support striking Defendant Committed Companies, LLC's Answer and entering default against it, the Court recommends that such sanctions be imposed.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Strike Defendant Committed Companies, LLC's Answer to Complaint and for Dispositive Sanctions be **granted**.

**IT IS FURTHER RECOMMENDED** that Defendant Committed Companies, LLC Answer be stricken and default judgment be entered against it.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Report and Recommendation via certified mail to Defendant Committed Companies, LLC's last known address:

**Committed Companies, LLC**
**c/o Rachelle Payne**
**11 Clarendon Road**
**Belmont, MA 02478**

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of July, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**