1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3

4    PAINTERS AND FLOORCOVERERS
     JOINT COMMITTEE; EMPLOYEE

5    PAINTERS' TRUST; PAINTERS,
     GLAZIERS AND FLOORCOVERERS

6    JOINT APPRENTICESHIP AND
     JOURNEYMAN TRAINING TRUST;

7    PAINTERS INDUSTRY PROMOTION
     FUND; PAINTERS JOINT COMMITTEE

8    INDUSTRY PROMOTION FUND;
     PAINTERS ORGANIZING FUND;

9    SOUTHERN NEVADA PAINTERS AND
     DECORATORS AND GLAZIERS LABOR

10   MANAGEMENT COOPERATION
     COMMITTEE TRUST; PAINTERS,

11   GLAZIERS AND FLOORCOVERERS
     SAFETY TRAINING TRUST FUND, each

12   acting by and through their designated
     fiduciaries John Smirk and Thomas Pfundstein;

13   INTERNATIONAL UNION OF PAINTERS
     & ALLIED TRADES

14   INDUSTRY PENSION TRUST FUND,
     acting by and through its designated fiduciary,

15   Gary J. Meyers,

16                          Plaintiffs/Counter-
                            Defendants,

17

18        v.

19   MICHAEL R. BELLO, an individual;
     AMERICAN CONTRACTORS

20   INDEMNITY COMPANY, a California
     corporation; COMMITTED COMPANIES,

21   LLC, a Nevada limited liability company;
     STEVE HUNTINGTON, an individual;

22   JOHN DOES I-XX, inclusive; and ROE
     ENTITIES I-XX, inclusive.

23

24                          Defendants.

25

26

27

28

Case No. 2:13-cv-00146-APG-CWH

**ORDER DENYING MOTION FOR DEFAULT
JUDGMENT AND SETTING ASIDE DEFAULT**

(Dkt. ##56, 70)

Plaintiffs are trusts seeking to recover contributions allegedly owed to them by Walldesign, Inc. under a union contract. Walldesign is in bankruptcy, so the trusts filed this lawsuit against various other individuals and companies, including Steve Huntington (Walldesign's chief financial officer) and Committed Companies, LLC (a contractor allegedly liable for Walldesign's debts).[1]

Plaintiffs assert against Huntington a single claim of breach of fiduciary duty under the Employee Retirement Income Security Act. Plaintiffs allege Huntington breached his fiduciary duties by mishandling trust assets and that he is now liable for the money Walldesign owes the trusts. Although plaintiffs identify Committed as a defendant, they failed to provide any allegations or causes of action against it in the operative complaint.

Both Huntington and Committed failed to timely file answers.[2] The clerk of court entered default against them. Plaintiffs request that I enter default judgment. I decline to do so. Huntington has provided good cause for setting aside his default: (1) he appears to have had a good-faith belief that co-defendant Michael Bello was handling Huntington's representation, (2) he has meritorious defenses, and (3) plaintiffs will not be prejudiced. As to Huntington, I set aside the default and find no default judgment is warranted at this time. Plaintiffs also request attorney's fees but I decline to award fees at this time.

As to Committed, plaintiffs have not adequately proven damages nor filed a proper complaint against it. Committed has not moved to set aside its default, but I find default judgment is not yet warranted against it.

---

[1] American Contractors Indemnity Company and Michael Bello also remain in this lawsuit. Various other defendants have been terminated.

[2] Committed filed an answer but it has been stricken. (Dkt. #40.)

Page 2 of 10

I.    **BACKGROUND**

Plaintiffs are trusts and beneficiaries of a collective bargaining agreement ("CBA") between Walldesign and the International Union of Painters & Allied Trades, District Council 15, Local Union 159.[3]  Under the CBA (and an accompanying memorandum of understanding), Walldesign had to make contributions to the trusts for every hour it employed union members on certain commercial projects and multi-family homes.[4]  Single family homes were excluded.[5] After Walldesign failed to pay the contributions it allegedly owed, plaintiffs audited Walldesign's records.  Plaintiffs have submitted that audit in support of their motion for default judgment.[6]

Plaintiffs allege that Huntington, as CFO with control over Walldesign's assets, owed fiduciary duties to the trusts.  Huntington allegedly breached his duties by failing to pay the contributions Walldesign owed.

Huntington was served with the plaintiffs' Second Amended Complaint on January 6, 2014.[7]  He immediately reached out to his co-defendant, Walldesign's former president Michael R. Bello.[8]  Bello had arranged representation for Huntington during a prior Walldesign matter, and Bello told Huntington he would again arrange for counsel to represent Huntington in this lawsuit.[9]  But Bello did not hire counsel for Huntington.  Huntington never filed an answer, and the clerk entered default against him on February 12, 2014.[10]  On March 15, 2014, Huntington

---

[3] (Dkt. ##56-4; 56-5.)

[4] (Dkt. #56-4.)

[5] (*Id.*)

[6] (Dkt. #56-7.)

[7] (Dkt. ##52; 70-1 at 2.)

[8] (Dkt. #70-1.)

[9] (*Id.*)

[10] (Dkt. #54.)

finally received notice of the default.[11]  Plaintiffs moved for a default judgment soon thereafter.[12]

## II.   DISCUSSION

### A.   Whether to set aside the default against Huntington

I may "set aside an entry of default for good cause."[13]  To determine "good cause," I must "consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether [he] had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[14]  This standard is disjunctive— a finding that any these factors is true is sufficient for me to refuse to set aside the default.[15] These factors, however, "are more liberally applied in the context of a clerk's entry of default than in the default judgment context."[16]

"Crucially . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."[17]  "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default."[18]

/ / / /

/ / / /

---

[11] (Dkt. #70-1 at 6.)

[12] (Dkt. #56.)

[13] Fed. R. Civ. P. 55(c).

[14] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quotations omitted).

[15] *Id.*

[16] *Chrome Hearts, LLC v. Boutique Talulah*, No. 2:12-CV-00280-MMD, 2012 WL 4510692, at *2 (D. Nev. Sept. 28, 2012); *see also Mesle*, 615 F.3d at 1091.

[17] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

[18] *Id.* (citations omitted).

1

### i.        Culpable conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."[19]  "Intentionally," in this context, means the defendant acted in bad faith to take "advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process."[20]

Huntington argues he made a good-faith mistake in relying on Bello to arrange representation.[21]  Once Huntington received notice of the default, he hired counsel and responded promptly.[22]  Plaintiffs fail to rebut Huntington's claim that his failure to respond was made in good faith.  There is no indication Huntington benefited, or hoped to benefit, from waiting to hire counsel and proceed with his defense.  His mere negligent failure to respond is not culpable conduct for purposes of Rule 55.[23]

### ii.       Meritorious defenses

To satisfy the meritorious defense requirement, Huntington must allege sufficient facts that, if true, would constitute a meritorious defense.[24]  I need not determine whether those factual allegations are true when deciding whether to set aside his default.[25]

---

[19] *Id.*

[20] *Id.*

[21] (Dkt. #70-1 at 3.)

[22] (*Id.*)

[23] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

[24] *Id.*

[25] *Id.*

Huntington has raised a number of meritorious defenses.[26]  First, Huntington alleges Walldesign did not owe any contributions to the trusts because Walldesign's work was conducted on single family homes exempted from the CBA.[27]  Taking this fact as true, neither Walldesign nor Huntington ever owed anything to the trusts.

Second, Huntington alleges he is not an ERISA fiduciary.  ERISA fiduciary duties apply only to individuals with discretionary authority over plan assets.[28]  "Plan assets" is not defined in the Act, but case law has clarified that, generally, the term includes only funds *actually paid* into a trust.  Some courts have recognized an exception if a trust agreement specifically and expressly states that its assets include owed but unpaid contributions.  In that situation, fiduciary duties can attach to a company's general business funds in the amount that is owed to the trust.[29]

Even if I recognize that exception, Huntington alleges that the trust agreements in this case did not specifically extend to outstanding, unpaid contributions.[30]  Taking this allegation as true, Huntington was not a fiduciary because the allegedly-owed contributions were never paid to

---

[26] Huntington incorporates the defenses he raises in his response and counter motion for summary judgment. (Dkt. ##70; 72.)  Huntington should have addressed his defenses in his motion to set aside the default, but in the interests of efficiency I have reviewed the defenses raised in his summary judgment motion and I treat them as if they were raised in this motion.

[27] (Dkt. ##70 at 5-6; 72 at 5-6.)

[28] 29 U.S.C. § 1002(21)(A).

[29] *Trs. Of the Teamsters Local 631 Security Fund for S. Nev. v. Polson,* 2012 WL 5378175, at *2 (D. Nev. Oct. 30, 2012) (collecting cases).

[30] (Dkt. ##70 at 5-6; 72 at 5-6.)

the trusts.[31]  It appears the trust agreement for the largest trust at issue, the Health and Welfare

Trust Agreement, did not contain express language incorporating unpaid contributions.[32]

Plaintiffs counter by citing to contrary evidence and pointing out problems with

Huntington's supporting evidence.[33]  But a motion to set aside a default is not a forum to raise

evidentiary disputes.[34]  Huntington's allegations, for the purposes of this motion, are accepted as

true.  Huntington has raised several meritorious defenses that are sufficient in the context of this

motion.  This factor weighs in favor of setting aside the default.

### iii.    Prejudice to plaintiffs

"To be prejudicial, the setting aside [of the default] . . . must result in greater harm than

simply delaying resolution of the case."[35]  Rather, the question is whether plaintiffs will be

hindered in their ability to pursue their claim.[36]

Plaintiffs have failed to identify how they will be hindered in pursuing their claims if I set

aside Huntington's default.  Instead, plaintiffs allege their strategy might have been different—

without specifying how—and that that their case against Huntington has been delayed.  But mere

delay does not constitute prejudice, and plaintiffs fail to point out any cognizable prejudice, such

as lost evidence.  Additionally, plaintiffs' fiduciary claims against Huntington and Bello appear to

be coterminous.  The key issues in dispute as to both parties include whether Walldesign carried

---

[31] Huntington also alleges he did not have sufficient authority or control over any plan assets. (Dkt. #72 at 10-12.)

[32] This trust agreement defines assets as "payment required by a collective bargaining agreement . . . *which are made* by an Employer."  (Dkt. #72 at 8.) (emphasis added).

[33] (Dkt. #82.)

[34] *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

[35] *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).

[36] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Page 7 of 10

1   out work covered by the CBA and whether unpaid contributions qualify as plan assets.  To the

2   contrary, it appears plaintiffs' efforts to prepare their case against Bello also relates to their case

3   against Huntington.  This factor also weighs in favor of setting aside the default.

###                     iv.        Conclusion

4   All three factors weigh in favor of setting aside the default against Huntington.  There is

6   no evidence Huntington acted in bad faith, he has raised a number of meritorious defenses, and

7   plaintiffs have failed to articulate any cognizable prejudice.  Given that default is a drastic and

8   disfavored measure, and that Huntington seeks to set aside the clerk's entry of default rather than

9   a default judgment, I set the default aside.  Therefore, plaintiffs' motion for default judgment

10  against Huntington is moot.

### B.     Plaintiffs' request for attorneys' fees from Huntington

14  I have wide discretion to condition the setting aside of a default upon the defaulting

15  party's payment of the non-defaulting party's attorneys' fees.[37]

16  Plaintiffs primarily request attorneys' fees for the time they spent seeking default

17  judgment against Huntington.[38]  But plaintiffs should not have incurred many of these fees in the

18  first place.  Plaintiffs failed to serve Huntington with the application for default.[39]  Huntington

20  promptly responded to the notice of default.  Presumably, he would have promptly responded to

[37] *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

[38] Nearly all of plaintiffs' attorneys' fees were incurred in preparing their request for default judgment, not their request for entry of default. (Dkt. #82-3.)

[39] Federal Rule of Civil Procedure 5 requires service of written motions and other papers to be served on every party, but not on a party who has a default entered against him for failure to appear.  At the time plaintiffs filed their application for default, the clerk had not het entered a default against Huntington. (*See* Dkt. ##53; 54.)

the application for default had plaintiffs served him with it.  If he had done so, plaintiffs would not have sought a default judgment against Huntington and they would not have incurred any of the fees they now seek.[40]  Even if the rules did not require plaintiffs to serve Huntington with the application, plaintiffs did not give Huntington the opportunity to challenge the clerk's entry of default before moving for a default judgment.

Even if I were to consider granting attorneys' fees, plaintiffs' accounting of fees is deficient.  A number of entries in plaintiffs' accounting do not relate to the motion for default judgment against Huntington.  For example, plaintiffs' first entry on February 6, 2014 includes time billed for "summary judgment evidentiary burdens and remaining discovery issues."[41]  Also, plaintiffs do not appear to account for the fact that plaintiffs also sought default judgment against Committed.  Even if Huntington had not defaulted, plaintiffs would have incurred some costs in seeking default against Committed.  I therefore deny plaintiffs' request for fees.

## C.   Default judgment against Committed

Federal Rule of Civil Procedure 55 gives me "considerable leeway as to what [I] may require as a prerequisite to the entry of a default judgment."[42]  Plaintiffs are not entitled to a default judgment against Committed because plaintiffs' claims are unsupported by any factual allegations in the operative complaint.[43]  Plaintiffs neither assert a cause of action against

---

[40] Plaintiffs cited Ninth Circuit case, *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1547 (9th Cir. 1988), involved multiple, willful violations of the district court's orders and is thus distinguishable.

[41] (Dkt. #82-3 at 2.)

[42] *Hupp v. Jones*, 474 F. App'x 601, 601-02 (9th Cir. 2012).

[43] (Dkt. #47.)  *Miller v. Woodford*, No. CIV S-07-1646LKKEFBP, 2010 WL 434042, at *2 (E.D. Cal. Jan. 28, 2010) report and recommendation adopted, No. CIVS-07-1646LKKEFBP, 2010 WL 1006468 (E.D. Cal. Mar. 17, 2010) (finding a default judgment motion moot because it was based on a prior complaint no longer operative post-amendment).

Committed in their operative complaint, nor plead allegations to support one.[44]  Additionally, plaintiffs have failed to prove their damages.  As explained above, there is an ongoing dispute in this case about whether Walldesign's projects required contributions to be made to the trusts.  If no contributions were owed, Committed cannot be liable.

## III.   __CONCLUSION__

IT IS THEREFORE ORDERED that defendant Steve Huntington's motion to set aside default (Dkt. #70) is GRANTED.

IT IS FURTHER ORDERED that the clerk's entry of default against Steve Huntington (Dkt. #54) is VACATED.

IT IS FURTHER ORDERED that plaintiffs' motion for default judgment (Dkt. #56) is DENIED.

IT IS FURTHER ORDERED that Huntington shall file an answer no later than February 19, 2015.

DATED this 29th day of January, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[44] (Dkt. #47.)  *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.").  Plaintiffs made allegations against Committed in a previous version of the complaint but not in the operative, Second Amended Complaint.  And when a plaintiff files an amended complaint, it "supersedes" and renders nugatory all prior complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).